Frank GOUDLOCK, Petitioner-Appellee,

v.

Ronald MARSHALL, Supt.,
Respondent-Appellant.

No. 82–3655.

United States Court of Appeals,
Sixth Circuit.

Argued May 25, 1983.

Decided July 21, 1983.

Richard David Drake, Asst. Atty. Gen. (argued), Columbus, Ohio, for respondent-appellant.

Jill E. Stone, John Bay (argued), Columbus, Ohio, for petitioner-appellee.

Before EDWARDS, Chief Judge, KRUPANSKY, Circuit Judge, and BROWN, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Appellee, Frank Goudlock, prevailed in his petition for a writ of habeas corpus filed in the Southern District of Ohio and Marshall, the Superintendent of an Ohio correctional facility, appeals.

Defendant Goudlock had been indicted by a grand jury on six counts including two counts of aggravated murder and after having been found guilty by a jury, had been sentenced to two terms of life in prison on the two murder counts. After exhaustion of state remedies, a petition for writ of habeas corpus was filed. After a careful analysis of the state trial and appellate court records and proceedings, District Judge Spiegel granted the writ on the following analysis.

In *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976) the Supreme Court held that "the use for impeachment purposes of petitioner's silence, at the time of arrest and after receiving *Miranda* warnings, violated the due process clause of the Fourteenth Amendment." In *Doyle,* the testimony of two criminal defendants at their trial contained an exculpatory statement they had not offered previously. The prosecutor cross-examined defendants about why, if the exculpatory story was true, they had not offered it at the time they were arrested and given *Miranda* warnings. The Supreme Court found that implicit in *Miranda* is the assurance that a criminal defendant will not be punished for exercising his constitutional right to remain silent. The Court found that use of such silence to impeach a defendant at trial is violation of due process. *Id.* at 618–19, 96 S.Ct. at 2245.

In order for *Doyle* to apply, it is not necessary that the prosecutor state that the defendant is probably lying. In *Henegan v. Anderson,* No. 81–1044 (6th Cir. March 26, 1982), the Sixth Circuit found constitutional error resulting from cross-examination similar to that at issue in this case. In *Henegan* the prosecutor asked the criminal defendant whether he had ever told the exculpatory story to the police to which defendant answered that he had not. Further on in the cross-examination the prosecutor asked the criminal defendant whether this was the first time he had ever told anybody his exculpatory story. Slip op. at 6–7. The Court found that "[a] conviction obtained through the use of such tactics cannot withstand scrutiny of *Doyle.*" Slip op. at 7.

It is clear that the cross-examination of petitioner in this case, as to whether he had told anyone prior to trial that he had gotten in Russell's Chrysler to look around, was a violation of petitioner's Fourteenth Amendment right to due process under *Doyle.* On direct appeal the Ohio Court of Appeals also found that this cross-examination was a violation of petitioner's rights under *Doyle* but found that it constituted harmless error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We disagree and find that the constitutional error was not harmless beyond a reasona-

ble doubt. The petition for writ of habeas corpus, therefore, must be granted. *See Chapman*, 386 U.S. at 24, 87 S.Ct. at 828.

As is obvious from the above, the District Judge, as he had a right to do, placed reliance upon this court's published opinion in *Henegan v. Anderson*, No. 81–1044 decided March 26, 1982. In *Henegan*, this court's opinion relied upon a preceding Sixth Circuit Opinion, *Weir v. Fletcher*, 658 F.2d 1126 (6th Cir.1981). The decision in *Henegan* was based upon the following reasoning:

The state argues that a *Doyle* violation occurs only when defendant's post-arrest silence is used for impeachment purposes after the defendant has been told, per *Miranda*, that he has a right to remain silent. *Doyle, supra.* ("We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment.") 426 U.S. at 619, 96 S.Ct. at 2245. The state also cites *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), in support of

1. In *Weir v. Fletcher,* 658 F.2d 1126, we reasoned thusly:

If we were to limit *Doyle* to instances where the police actually read *Miranda* warnings to a defendant, many practical problems arise.

First, it would penalize the knowledgeable defendant. We see no logic in allowing impeachment of the defendant who tells the police that he is aware of his rights and wants to talk to his attorney, but not allowing impeachment if the police actually read the *Miranda* warnings.

Second, such a position would discourage the reading of *Miranda* warnings. By its terms, *Miranda* applies to "in custody interrogation." *Miranda v. Arizona,* 384 U.S. 436, 468, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966). This means post-arrest interrogation. [citations omitted] Most police departments routinely have officers read *Miranda* warnings at the time of arrest. This helps prevent difficulties which may develop if the officer and the defendants converse on the way to the police station. More important, this procedure ensures that the defendant is aware of his rights from the inception of his arrest. As the Court noted in *Rhode Island v. Innis, supra,* 446 U.S. [291] at 300, 100 S.Ct. [1682]

its *Miranda* requirement. In *Jenkins* the Supreme Court concluded that inquiry into pre-arrest silence was not unfair because "no governmental action induced petitioner to remain silent before arrest". *Id.* at 240, 100 S.Ct. at 2130. The record below contains no evidence that the defendant was apprised of his right to remain silent, or any evidence that the silence referred to by the prosecutor occurred during custodial interrogation. For the reasons below, we conclude that whether defendant received *Miranda* warnings is irrelevant. First, *Jenkins* is limited to pre-arrest silence, and is thus inapplicable to the instant case. Second, this Court specifically rejected the narrow construction of *Doyle* proffered by the State.[1] *See Weir v. Fletcher,* 658 F.2d 1126 (1981); *Rachel v. Bordenkircher,* 590 F.2d 200 (6th Cir.1978). In *Weir,* we held:

There is thus a superficial logic to the position that only when a government officer actually reads *Miranda* warnings to a defendant is it unfair to impeach the defendant with his post-arrest silence.

at 1689 [64 L.Ed.2d 297], "the special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation."

Thus, the police have some discretion in deciding when to read *Miranda* warnings. If we limited *Doyle v. Ohio* to instances where the police actually read the warning, they could eviscerate *Doyle* through the simple expedient of not reading *Miranda* warnings at the time of arrest. The police could simply arrest a suspect and be careful not to interrogate him for 15–20 minutes. If the police wanted to question the suspect, they could then read the *Miranda* warnings. If the suspect had remained silent for those 15–20 minutes, that silence could be used for impeachment at trial. Such a result would be illogical. 658 F.2d at 1132.

Finally, it is the Fifth Amendment, not *Miranda v. Arizona, supra,* which creates the right to post-arrest silence. *Miranda* merely seeks to insure that citizens are fully apprised and therefore better able to assert constitutionally protected rights. Conversely, the construction of *Doyle* proffered by the state, frustrates that end by elevating form over substance.

Nonetheless, we conclude that impeachment of a defendant with post-arrest silence is forbidden by the Constitution, regardless of whether *Miranda* warnings are given. *Doyle* and *Jenkins* were decided on a rationale of basic fairness. We think that it is inherently unfair to allow cross-examination concerning post-arrest silence. *Id.* at 1130.

The district court correctly applied *Doyle* to the facts of this case.

Whatever merit this view might have, it is now clear that the United States Supreme Court has narrowly limited its original decision in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Weir v. Fletcher,* 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982), this court's more expansive reading of *Doyle* was rejected as follows:

█ The United States District Court for the Western District of Kentucky then granted respondent a writ of habeas corpus, and the Court of Appeals, for the Sixth Circuit affirmed, 658 F.2d 1126. The Court of Appeals concluded that respondent was denied due process of law guaranteed by the Fourteenth Amendment when the prosecutor used his post-arrest silence for impeachment purposes. Although it did not appear from the record that the arresting officers had immediately read respondent his *Miranda* warnings,[2] the court concluded that a defendant cannot be impeached by use of his post-arrest silence even if no *Miranda* warnings had been given. The court held that "it is inherently unfair to allow cross-examination concerning post-arrest silence," Pet.App. 36, and rejected the contention that our decision in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), applied only where the police had read *Miranda* warnings to a defendant. Because we think that the Court of Appeals gave an overly broad reading to our decision in *Doyle v. Ohio, supra,* we reverse its judgment.

On April 14, after receipt of the Supreme Court's *Fletcher* opinion, this court, sua sponte, vacated the *Henegan* opinion on the authority of *Weir, supra.* The order read as follows:

In *Henagan v. Anderson,* No. 81–1044 (6th Cir., March 26, 1982) (J. Weick dissenting), a panel of this Court affirmed a decision of the United States District Court for the Eastern District of Michigan, *Henagan v. Anderson,* 500 F.Supp. 641 (E.D.Mich.1980), granting habeas corpus relief under the authority of *Doyle v. Ohio,* 426 U.S. 610 [96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) ] (1976).

In *Weir v. Fletcher* [455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490], No. 80–1049 (50 U.S.L.W. 3762, March 23, 1982), the United States Supreme Court further clarified its holding in *Doyle, supra.* Therefore, we hereby *sua sponte* vacate our decision in *Henagan v. Anderson,* No. 81–1044 (6th Cir. March 26, 1982), and remand to the district court for proceedings consistent with *Weir, supra.* It is so ORDERED.

While, prior to *Weir,* our affirmance of Judge Spiegel's decision in this case might well have been called for, it now appears that the Supreme Court's decision in *Doyle* has been limited quite narrowly.

Under these circumstances, the judgment of the District Court is vacated and the case is remanded for further consideration in the light of this opinion.

---

2.  *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).